IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ANTHONY J. NICOLAUS,<br><br>　　　　Debtor-Appellant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Creditor-Appellee. | No.　C21-3010-LTS<br><br>**MEMORANDUM<br>OPINION AND ORDER ON<br>BANKRUPTCY APPEAL** |

　　　This case is before me on an appeal (Doc. 1) by debtor Anthony J. Nicolaus from a decision (Doc. 6-1) of the United States Bankruptcy Court for the Northern District of Iowa in favor of creditor-appellee United States of America (the government). Nicolaus argues that the bankruptcy court erred by determining that a position taken by the government before that court was substantially justified pursuant to 26 U.S.C. § 7430. The issues on appeal have been fully briefed and submitted. *See* Docs. 6, 10, 11.

## I.　　BACKGROUND

　　　Nicolaus filed a Chapter 7 bankruptcy petition on December 30, 2015. On February 11, 2016, the Internal Revenue Service (IRS) filed a second proof of claim (the claim), in the amount of $92,877.89, that listed a post office box address in Philadelphia, Pennsylvania, under the heading: "Where should notices to the creditor be sent?" Doc.6-2 at 23-27. On January 26, 2017, Nicolaus filed an objection to the claim. *Id.* at 28-31. He mailed the objection and the response deadline notice to the Philadelphia post office box listed on the claim. *Id.* at 87. Upon learning that his first mailing did not include a copy of the actual objection, Nicolaus sent a new mailing, that included the objection, to

the same post office box on February 22, 2017. *Id.* at 87-88. The United States Postal Service did not return either mailing as undeliverable. *Id.* at 88.

The deadline for the IRS to respond to Nicolaus' objection passed with no response. As such, on March 17, 2017, the bankruptcy court sustained the objection and disallowed the claim. *Id*. at 36. The court expressly found that "notice has been given." *Id.* No further action was taken with regard to the claim until December 21, 2017, when the government filed a motion to set aside or vacate the bankruptcy court's order sustaining Nicolaus' objection. *Id.* at 39. The government argued that the bankruptcy court's order was erroneous because Nicolaus "failed to serve the objection to claim or any notices on the United States," such that "the Court lacked personal jurisdiction over the United States for lack of service of process." *Id.*

On February 8, 2018, the bankruptcy court filed an order granting the motion to vacate. Doc. 6-2 at 120-33. The court noted a split of authority on the issue of whether the prior version of Federal Rule of Bankruptcy Procedure 3007, which was in effect at all relevant times, implicitly required service according to Rule 7004. *Id.* at 124-29. Under Rule 7004, service on the government may be made by mail "addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia." Fed. R. Bankr. P. 7004(b)(4). Nicolaus did not serve process according to Rule 7004. However, he argued that the notice he did send was sufficient under Rule 3007 or, in the alternative, that the bankruptcy court had jurisdiction over his objection because the IRS submitted to that court's jurisdiction by filing its claim. *Id.* at 124, 130. After discussing the competing case law, the bankruptcy court concluded "that the greater weight of authority, and the more persuasive authority, supports the United States' position." *Id.* at 124-29.

Nicolaus appealed to this court, which affirmed the bankruptcy court's ruling. *Id.* at 297, 314. Nicolaus then appealed to the Eighth Circuit Court of Appeals, which reversed the ruling and remanded Nicolaus' case to the bankruptcy court with directions

2

to reinstate its prior order sustaining Nicolaus' objection to the IRS's claim. *In re Nicolaus*, 963 F.3d 839, 458 (8th Cir. 2020). The court held that the version of Rule 3007 in effect at the relevant time required only that notice be served on the creditor submitting the proof of claim (the IRS). *Id*. at 456. Based on this ruling, the court found it unnecessary to consider Nicolaus' alternative argument that the bankruptcy court obtained personal jurisdiction over the government once the IRS filed a proof of claim. *Id.* at 455 n.1.

On remand to the bankruptcy court, Nicolaus filed an application for award of fees and expenses in the amount of $39,206.75. Doc. 6-1 at 3. The parties stipulated that "the only issue to be resolved by the Court is whether the United States' positions were 'substantially justified,' as defined by 26 U.S.C. § 7430(c)(4)(B)." Doc. 6-2 at 178. The bankruptcy court denied Nicolaus' application, finding that the government met its burden of proving that its position was substantially justified. Doc. 6-1 at 9-10. Nicolaus then filed this timely appeal.

## II. APPLICABLE STANDARDS

Under 26 U.S.C. § 7430, the "prevailing party" in an action involving the determination, collection or refund of any federal tax may seek an award of "reasonable litigation costs," which can include attorney fees. *See* 26 U.S.C. § 7430(a)(2) and (c)(1)(B)(iii); *see also Center for Fam. Med. v. United States*, 614 F.3d 937, 940 (8th Cir. 2010). As the Eighth Circuit has explained:

> "The term 'prevailing party' means any party ... which – (I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue...." *Id*. at § 7430(c)(4)(A)(i). However, "[a] party shall not be treated as the prevailing party in a proceeding ... if the United States establishes that the position of the United States in the proceeding was substantially justified." *Id*. at § 7430(c)(4)(B)(i).

*Center for Fam. Med.*, 614 F.3d at 940. "In determining whether the government's position is 'substantially justified,' the district court should make 'only one threshold determination for the entire civil action.'" *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012) (quoting *Comm'r v. Jean*, 496 U.S. 154, 159 (1990)). As such, I must consider whether the government's "position as a whole was substantially justified." *Id.* at 653.[1]

Congress copied the "not substantially justified" language from the Equal Access to Justice Act (EAJA). *Kenagy v. United States*, 942 F.2d 459, 464 (8th Cir. 1991). "Thus, where the wording is consistent, courts read the EAJA and § 7430 in harmony." *Id*. In considering whether the government's position was substantially justified, a court must "take into account whether the United States has lost in courts of appeal for other circuits on substantially similar issues." 26 U.S.C. § 7430(c)(4)(B)(iii). "The position of the United States is substantially justified if it has a reasonable basis in both law and fact, a determination made on a case by case basis." *Ctr. for Fam. Med.*, 614 F.3d at 941 (quoting *Kaffenberger v. United States*, 314 F.3d 944, 960 (8th Cir.2003)). "Substantially justified means 'justified to a degree that could satisfy a reasonable person.'" *Bale Chevrolet Co. v. United States*, 620 F.3d 868, 872 (8th Cir. 2010). "A substantially justified position need not be correct so long as 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

---

[1] *See also Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993) ("when determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation"); *United States v. Johnson*, 920 F.3d 639, 649-50 (10th Cir. 2019) (adopting a "holistic" approach rather than an "issue-by-issue analysis" in determining "whether there was a 'reasonable basis both in law and fact' for the Government's overall position in the litigation"); *Morreale v. Comm'n of Internal Revenue*, 122 T.C.M. (CCH) 80, 2021 WL 2981714, at *5 (T.C. July 15, 2021) (adopting the *Johnson* standard).

"The government has the burden to establish its position was substantially justified." 26 U.S.C. § 7430(c)(4)(B)(i). The denial of an application for fees under § 7430 is reviewed for abuse of discretion. *See Center for Fam. Med.*, 614 F.3d at 941. The bankruptcy court's findings of fact are reviewed for clear error while its conclusions of law are reviewed de novo. *Tri-State Financial, LLC v. First Dakota Nat'l Bank*, 538 F.3d 920, 923-24 (8th Cir. 2008).

## III. DISCUSSION

### A. The Bankruptcy Court's Ruling

Nicolaus argued that the government's position was not substantially justified because United States Supreme Court precedent supports his argument that the government submitted to the bankruptcy court's jurisdiction when the IRS filed its proof of claim. Doc. 6-1 at 5-6, 8-9. The bankruptcy court disagreed, explaining that because both the bankruptcy court and the district court had previously determined that *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010), did not apply, the government's argument against jurisdiction was substantially justified. *Id.* at 8-9. The bankruptcy court noted that the Eighth Circuit did not address this personal jurisdiction argument. *Id.* at 8. However, the bankruptcy court found that Nicolaus had failed to respond to the government's argument that it was "the real party in interest—not the IRS—and thus the United States is excluded from the general [jurisdictional] rule regarding the consequences of filing a proof of claim." *Id.* at 9. The bankruptcy court reiterated that it had previously accepted that argument and did so again.[2] *Id.* Without expressly addressing it, the bankruptcy court necessarily rejected Nicolaus' additional argument that "the IRS cannot be substantially justified where it tells debtors to send

---

[2] By contrast, the Eighth Circuit held that "[t]he 'claimant' here was the IRS, which indisputably received a copy of Nicolaus' objection by mail. Nothing else was required." Doc. 6-2 at 456.

5

notice to one location only to show up in court and tell them that the notice was insufficient." Doc. 6-1 at 6.

### B. *What was the Government's Litigation Position?*

Before addressing the parties' arguments, it is important to clarify the government's litigation position regarding its motion to vacate. This is because the government argues that its bankruptcy-rules-based argument, not Nicolaus' personal jurisdiction argument, was "the actual position in dispute." Doc. 10 at 11-12. The government's stated position in its motion to vacate was:

> Pursuant to Fed. R. Civ. P. 60(b)(4), made applicable to bankruptcy cases through Fed. R. Bankr. P. 9024, the United States respectfully moves the Court to set aside or vacate the Order Sustaining Debtor's Objection to IRS Proof of Claim No. 2 . . . entered on March 17, 2017. The *order is void* because the debtor, Anthony J. Nicolaus, *failed to serve* the objection to claim or any notices on the United States. Accordingly, the *Court lacked personal jurisdiction* over the United States for lack of service of process. The Court should set aside or vacate the order sustaining the objection to claim, require service of the objection to claim, and set a discovering schedule to resolve the objection to claim.

Doc. 6-2 at 39 (emphasis added). The government's supporting brief included two sections of arguments: (1) "Nicolaus failed to serve the objection to claim and the notice" and (2) "[t]he Court lacked jurisdiction to bind the United States to its order sustaining the objection to claim, and the order is void." *Id.* at 43, 46. The government concluded by asserting that Nicolaus' "failure to serve the United States prevented this Court from obtaining personal jurisdiction over the United States. Consequently, the Court's order sustaining Nicolaus' objection to claim is void as to the United States." *Id.* at 48.

Thus, the government's position necessarily raised both (1) whether Rule 3007 required Nicolaus to serve process on the government (not merely the IRS) and (2) whether that particular service was required for the bankruptcy court to have personal jurisdiction over the IRS for purposes of its claim. Further, while the Eighth Circuit

6

ultimately found it unnecessary to address the personal jurisdiction argument, Nicolaus did raise that argument in response to the government's original motion to vacate, his first appeal to this court and his appeal to the Eighth Circuit. Doc. 6-2 at 104-07, 239-44, 344-55. The personal jurisdiction argument has been "an actual position in dispute" throughout this case.

### C. Was the Government's Position Substantially Justified?

As discussed above, the government asked the bankruptcy court to set aside or vacate its prior order sustaining Nicolaus' objection to the IRS's claim pursuant to Federal Rule of Civil Procedure 60(b)(4). On Nicolaus' motion for fees and costs, it is the government's burden to show that its Rule 60(b)(4) motion was substantially justified.

#### 1. Cases Cited by the Parties

In its brief to the bankruptcy court, the government did not specifically argue that the bankruptcy court lacked personal jurisdiction over the claimant as a result of the government's rules-based argument. *See* Doc. 6-2 at 169-73. The government did not discuss this issue until addressing Nicolaus' first appeal to this court, citing to previous bankruptcy court and district court rulings and providing its own analysis of the cases Nicolaus relies on for his personal jurisdiction argument. Doc. 10 at 13-17.

Starting with *Wiswall v. Campbell*, 93 U.S. 347 (1876), the United States contends that it does not control because it "did not involve the filing of a proof of claim by the United States or the IRS" and "bankruptcy laws have changed dramatically since 1876." Doc. 10 at 15. However, Nicolaus cites *Wiswall* only for the general principle that filing a proof of claim subjects a creditor to the jurisdiction of the court. *Id.* at 14. *Wiswall* states:

> Every person submitting himself to the jurisdiction of the bankrupt court in the progress of the cause, for the purpose of having his rights in the estate determined, makes himself a party to the suit, and is bound by what is

7

> judicially determined in the legitimate course of the proceeding. A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must abide the consequences.

*Id.* at 351. While the modern Rules of Bankruptcy Procedure were not in existence at the time, the Court recognized that certain procedures should be followed to standardize the bankruptcy claim process. *Id.* The current Rules of Bankruptcy Procedure, which are the current iteration of those procedural rules, do not expressly impact the general jurisdictional principle set forth in *Wiswall*.[3]

In fact, the Supreme Court has cited to this principle multiple times, including in *Gardner v. State of New Jersey*, 329 U.S. 565 (1947). The government notes that *Gardner* "specifically concerned waiver of sovereign immunity and involved a determination of lien priority, which would today require an adversary proceeding under Rule 7001(2) of the Federal Rules of Bankruptcy Procedure." Doc. 10 at 15. The government then argues that "under the service of process rules for adversary proceedings, Nicolaus would have been required to serve a copy of his claim objection (or complaint) on the United States Attorney General and Under States Attorney for the Northern District of Iowa." *Id.* This misses the point. Under *Wiswall*, as reiterated in *Gardner*, changes in procedural rules do not affect the underlying personal jurisdiction that attaches once a creditor submits a claim to a bankruptcy court.

In *Katchen v. Landy*, 382 U.S. 323 (1966), the Court stated that "a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined." *Id.* at 334. While the procedures at issue in *Katchen* have changed, the general principle still remains. *Id.* at 326-27, 333-34 (noting that "[t]he crux of the

---

[3] The United States does not contest Nicolaus' citation *to United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), as support for his argument that the IRS is a creditor and an entity under the Bankruptcy Code, although it does argue that this status is not relevant for determining whether its argument was substantially justified.

dispute here concerns the mode of procedure for trying out the preference issue" and explaining that once the preference issue has been decided, "it can hardly be doubted that there is also summary jurisdiction to order the return of the preference").

As for *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), the government notes that the prior bankruptcy court and district court opinions did not find it to be controlling. Doc. 10 at 16. The government quotes from this court's prior ruling, filed before Nicolaus' appeal to the Eighth Circuit, stating that *Espinosa* "stands for the limited proposition that a confirmed plan is binding on all parities-in-interest that received adequate notice even if the plan violates some parts of the Bankruptcy Code." *Id.* (quoting *Nicolaus*, 2019 WL 97034, at \*\*16-17).

In *Espinosa*, the debtor obtained several federally guaranteed student loans and later filed for Chapter 13 bankruptcy. *Espinosa*, 559 U.S. at 264. He then "filed a plan with the Bankruptcy Court that proposed to discharge a portion of his student loan debt, but he failed to initiate the adversary proceeding as required for such discharge" by the applicable bankruptcy rules. *Id.* at 263-64. Under those rules, "the party seeking the determination must initiate by serving a summons and complaint on his adversary." *Id.*

Nonetheless, the creditor did receive notice of the plan and did not object to the plan or file an appeal after the bankruptcy court confirmed the plan. *Id.* at 264. Years later, however, "the creditor filed a motion under Federal Rule of Civil Procedure 60(b)(4) asking the Bankruptcy Court to rule that its order confirming the plan was void because the order was issued in violation of the Code and Rules." *Id.* The creditor argued that the bankruptcy court violated the Bankruptcy Code and the applicable bankruptcy rules because it did not conduct an adversary proceeding and find an undue hardship before discharging Espinosa's student loan interest. *Id.* The creditor also argued that "its due process rights had been violated because Espinosa failed to serve it with the summons and complaint the Bankruptcy Rules require as a prerequisite to an adversarial proceeding." *Id.*

9

The Supreme Court ultimately granted certiorari to consider "whether the Bankruptcy Court's order confirming Espinosa's plan is 'void' under Federal Rule of Civil Procedure 60(b)(4) because the Bankruptcy Court confirmed the plan without complying with [statutory] requirements." *Id*. at 269. The Court explained that Rule 60(b)(4) allows a court to vacate a final judgment only if that judgment is void, meaning it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id*. at 270. The list of such infirmities is "exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id*. Thus, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. at 271. The Court noted that federal courts "generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id*.

While the creditor did not argue that the bankruptcy court's error was jurisdictional, as does the government in this case, the Supreme Court noted that "[s]uch an argument would fail in any event," for two reasons. *Id*. First, the statutory undue hardship finding "is a precondition to obtaining a discharge order, not a limitation on the bankruptcy court's jurisdiction." *Id*. Second, "the requirement that a bankruptcy court make this finding in an adversary proceeding derives from the Bankruptcy Rules, see Rule Proc. 7001(6), which are 'procedural rules adopted by the Court for the orderly transaction of its business' that are 'not jurisdictional.'" *Id*. at 272 (citing *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004)).

The Court also addressed the issue of whether the bankruptcy court denied the creditor due process when it confirmed Espinosa's plan despite his failure "to serve the summons and complaint the Bankruptcy Rules require for the commencement of an adversary proceeding." *Id*. The Court concluded that Espinosa's failure deprived the creditor of a right granted by a procedural rule. *Id*. However, because the creditor had actual notice, this did not amount to a violation of the creditor's due process rights. *Id*.

10

Here, the government did not make a constitutional due process argument but, instead, argued that Nicolaus' failure to comply with a procedural rule deprived the bankruptcy court of jurisdiction over a creditor that had already sought relief from the bankruptcy court by filing a proof a claim. While the creditor in *Espinosa* did not make this type of jurisdictional argument, the Court made it clear that either a personal jurisdiction argument or a due process argument would have failed:

> Rule 60(b)(4) does not provide a license for litigants to sleep on their rights. United had actual notice of the filing of Espinosa's plan, its contents, and the Bankruptcy Court's subsequent confirmation of the plan. In addition, United filed a proof of claim regarding Espinosa's student loan debt, thereby submitting itself to the Bankruptcy Court's jurisdiction with respect to that claim. See *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 112 L.Ed.2d 343 (1990) (*per curiam*).

*Id.* at 275.

### 2. *Other Relevant Cases*

One set of relevant cases involves the impact of filing a proof of claim on a party's right to a jury trial. In *Langencamp*, the Supreme Court explained that "the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. As such, there is no Seventh Amendment right to a jury trial." 498 U.S. at 44-45 (internal citations omitted) (emphasis in original). The Court held that "[r]espondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court. Consequently, they were not entitled to a jury trial on the trustee's preference action." *Id.* at 45. The Eighth Circuit recognized the jurisdictional impact of filing a claim, as explained by *Langencamp* and *Katchen*, when it held that the successful withdrawal of a bankruptcy claim before an adversarial proceeding commences legally nullifies the bankruptcy court's equitable jurisdiction. *Smith v. Dowden*, 47 F.3d 940, 941-42, 944 (8th Cir. 1995).

11

Other cases discuss the impact of filing a claim on a foreign or sovereign party's consent to jurisdiction. *See, e.g.*, *Gardner*, 329 U.S. 565 (discussed above); *In re Simon*, 153 F.3d 991, 996-97 (9th Cir. 1998) (relying on *Langenkamp* and *Katchen* to hold that when a banking company incorporated in Hong Kong filed a proof of claim, it "forfeited any right it had to claim that the court lacked the power to enjoin [it] from commencing a post-bankruptcy collection proceeding against the debtor'); *In re PNP Holdings Corp.*, 99 F.3d 910, 911 (9th Cir. 1996) (*per curiam*) (holding that Bankruptcy Rule 7004(e), addressing the service of summons and personal jurisdiction over foreign defendants, does not affect the general principle that "a person may consent to personal jurisdiction expressly or by implication regardless of the existence of the power to serve process"); *Arecibo Community Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17, 25-26 (1st Cir. 2001) (relying also on *Gardner*, *Langenkamp*, and *Katchen* to hold that when instrumentalities of Puerto Rico filed a proof of claim in bankruptcy court, that state had waived "its Eleventh Amendment immunity by availing itself of the jurisdiction of the federal courts").

Still other cases have addressed the effect of filing a proof of claim on an interrelated case. In one case, for example, the Eighth Circuit noted that "the filing of proofs of claims on ordinary debts triggers an adjudication process to determine the validity, amount, and priority of the claims, and the bankruptcy court considers any objections after notice and hearing." *In re Rose,* 187 F.3d 926, 929 (8th Cir. 1999). The court relied on this principle to find that when a party filed a proof of claim and invoked the authority of the bankruptcy court, that party "waived its immunity in related proceedings required to adjudicate the dischargeability of those claims." *Id.* at 929-30. The court noted that "[f]ederal jurisdiction over a bankruptcy estate differs from jurisdiction over a party to litigation." *Id.* at 930 n.8. It cited *Gardner*'s statement that "[i]t is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide by the consequences of that procedure. . . . The whole process of proof, allowance, and distribution is, shortly

12

speaking, an adjudication of interests claimed in a *res*." *Id.* (citing *Gardner*, 329 U.S. at 573-74).

Thus, multiple courts addressing a variety of procedural situations have recognized that the act of filing a claim in a bankruptcy case subjects the creditor to the bankruptcy court's jurisdiction and binds the creditor to the outcome.[4]

### 3. *Analysis*

As noted above, to be excused from the payment of costs and fees under 26 U.S.C. § 7430, the government must prove that its position in this case, as a whole, had a reasonable basis in law and fact. *See United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012) (requiring a single "substantial justification" determination for the entire action); *Ctr. for Fam. Med.*, 614 F.3d 937, 941 (8th Cir. 2010) (describing the standard for substantial justification); 26 U.S.C. § 7430(c)(4)(B)(i) (placing the burden on the government to prove substantial justification). As established by the caselaw discussed above, the IRS subjected itself to the bankruptcy court's jurisdiction by filing a proof of claim. The government has cited to no persuasive or controlling caselaw to the contrary.

Under Rule 60(b)(4), which the government invoked when filing its motion to vacate, a judgment may be voided only if it was "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Espinosa*, 559 U.S. at 270. Mailing an objection to the address provided by the IRS in its own proof

---

[4] This is also recognized in various secondary authorities. *See, e.g.*, H. Jeffrey Schwartz & Doron P. Kenter, *Filing a Proof of Claim: Pitfalls and Precautions*, Westlaw Practical Law Practice Note W-004-2098 (last updated Jan. 21, 2021) (explaining that "the act of filing a proof of claim constitutes a party's consent to the jurisdiction of the bankruptcy court to adjudicate both: matters pertaining to the claim itself and related matters, including claims by the debtor against the creditor" (cleaned up)); Leslie R. Masterson, *Waiving the Right to a Jury: Claims, Counterclaims, and Informal Claims*, 85 Am. Bankr. L.J. 91, 110 (2011) (noting that "[w]hen a creditor files a proof of claim against the bankruptcy estate, he triggers the claims allowance process, thereby subjecting himself to the equitable jurisdiction of the bankruptcy court and losing any right to try his claim before a jury").

of claim, rather than to other recipients allegedly prescribed by a rule of procedure, is not such a fundamental infirmity as to dissolve the bankruptcy court's jurisdiction to rule on the claim.  As such, the government failed to meet its burden to show that a reasonable basis in law existed for its motion under Rule 60(b)(4) to vacate the bankruptcy court's ruling for lack of personal jurisdiction and its position as a whole was not substantially justified.  The bankruptcy court erred in denying Nicolaus' application for an award of fees and expenses.

### IV. CONCLUSION

For the reasons set forth herein, the bankruptcy court's ruling (Doc. 6-1) denying Nicolaus' application for an award of fees and expenses is **reversed**.  This case is **remanded** to the bankruptcy court for further proceedings consistent with this order.

**IT IS SO ORDERED.**

**DATED** this 8th day of March, 2022.

_____
Leonard T. Strand, Chief Judge